UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Corey Londre Bryant, #334193, | ) C/A No.: 2:12-1731-GRA-BHH |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) |
| | ) Report and Recommendation |
| Cecilia R. Reynolds, Warden, | ) |
| | ) |
| Respondent. | ) |
| | ) |

The Petitioner, a state prisoner, seeks relief pursuant to Title 28, United States Code, Section 2254. This matter is before the Court on the Respondent's Motion for Summary Judgment. (Dkt. No. 16.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this Magistrate Judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

The Petition for Writ of Habeas Corpus was filed in this Court on June 25, 2012.[1] (Dkt No. 1). On October 23, 2012, the Respondent moved for summary judgment. (Dkt. No. 16). By order filed October 24, 2012, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 18). On December 3, 2012, the Petitioner filed a response opposing the Respondent's

---

[1]

Although the Petition was filed in this Court on the date noted, Petitioner has the benefit of the "mailbox" rule. Houston v. Lack, 487 U.S. 266 (1988)(holding prisoner's pleading is considered filed when filed with prison authorities for forwarding to the district court).

Summary Judgment Motion. (Dkt. No. 20). Respondent filed a Supplement on February 25, 2013. (Dkt. No. 22). In a text Order entered the same day, the Petitioner was apprised that any response to the Supplement would be due on March 18, 2013. (Dkt. No. 23). No response was received from the Petitioner.

## I. <u>PROCEDURAL HISTORY/FACTS</u>

The Petitioner, a state prisoner, is currently incarcerated at the Kershaw Correctional Institution. In October 2008, the Petitioner was indicted for trafficking in cocaine (more than 100 but less than 200 grams). (App. p. 118). The underlying facts show that on April 2nd, 2008, police made plans to execute a search warrant by stopping the Petitioner in his vehicle, taking Petitioner back to his apartment, and utilizing Petitioner's apartment key. The police followed Petitioner to a store where he exited the vehicle. They approached him, detained him pursuant to the search warrant and placed him into an unmarked police car. An agent drove Petitioner's vehicle back to Petitioner's apartment. Another officer and Petitioner were in another vehicle following the agent. When they arrived, they knocked and announced their presence, indicating they had a search warrant for the apartment. Receiving no response, they entered with Petitioner's keys and located a female who was then detained pursuant to the warrant. (Dkt. No. 17, p. 12-13).

A small quantity of marijuana was lying on the table in plain view. Subsequently, Petitioner was brought inside the apartment and he, and the detained female, were read their <u>Miranda</u>[2] rights. After discussions with the Petitioner, and another search of the apartment, Petitioner admitted the marijuana and cocaine found in the apartment belonged

---

[2] <u>Miranda v. Arizona</u>, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

to him. Id.

A pre-trial hearing was held on March 25, 2009, and motions to suppress were denied. Id. at 1. A month later, Petitioner pleaded guilty to trafficking a lesser amount (28 to 100 grams), after negotiating an eight-year (8) sentence. The sentencing judge accepted the plea, and Petitioner was sentenced to an eight year term. Petitioner appealed. Id. at 2.

The South Carolina Court of Appeals found Petitioner had failed to show any issues were preserved for appellate review. They dismissed Petitioner's appeal on July 23, 2009, and issued the remittitur on August 10, 2009. Id. The Petitioner did not seek review in the Supreme Court of South Carolina.

Before completing his direct appeal, Petitioner filed an application for post-conviction relief ("PCR") on June 2, 2009,  raising the following grounds for relief:

1) Unlawful seizure and detainment;

2) Ineffective assistance of counsel;
   -failed to challenge search warrant;
   -failed to challenge seizure and detention of Petitioner;
   -failed to move to suppress for discovery violation
   where name of confidential informant not provided;

3) Violation of (Rule 5, Discovery) by Solicitor;
    -failed to provide name of confidential informant.

Id.

An evidentiary hearing was held before the Honorable William H. Seals, Jr. on July 12, 2010. Judge Seals denied relief at the conclusion of the hearing, and issued a formal written order denying relief and dismissing the application on September 17, 2010. Id. at 2-3. Petitioner appealed.

Petitioner was represented on appeal by Deputy Chief Appellate Defender Wanda

H. Carter. Appellate counsel filed a Johnson[3] Petition for Writ of Certiorari on April 19, 2011 in the Supreme Court of South Carolina. One issue was raised:

> Trial counsel erred in failing to investigate into and produce paperwork to submit as proof that petitioner did not reside at the apartment where the drugs were found because this would have shown that he had neither actual nor constructive possession of the drugs in question.

Id. at 3.

Because appellate counsel filed a petition to be relieved of her appointment contemporaneously with the filing of the appeal, the Supreme Court advised Petitioner of his right to file a *pro se* response raising any issue he believed the Court should consider on appeal. On May 12, 2012, Petitioner filed a *pro se* response. Petitioner's appeal was denied by the Supreme Court of South Carolina on May 14, 2012. The remittitur was issued on June 7, 2012. Id.

In this federal habeas petition, the Petitioner raises the following grounds for relief, quoted verbatim:

> **Ground One**: Petitioner was not advised of Miranda Rights prior to illegal detention and search.
>
> **Supporting Facts**: Petitioner was stopped and detained away from the apartment alleged to be his which was the subject of a search warrant. He was not read his Miranda Rights. Therefore, the stop, detention, and seizure of items in the apartment were fruit of a poison tree and should have been suppressed.
>
> **Ground Two**: No proof cocaine was in constructive or actual

---

[3]

Johnson v. State, 294 S.C. 310, 364 S.E.2d 201 (1988)(court may approve withdrawal of counsel in meritless post-conviction appeals, provided the procedures outline in Anders v. California, 386 U.S. 738 (1967), were followed).

possession of Petitioner.

**Supporting Facts**: Trial counsel erred in failing to investigate into and produce paperwork to submit as proof that Petitioner did not reside at the apartment where the drugs were found because this would have shown that Petitioner did not reside at the apartment where the drugs were found.

**Ground Three**: Search warrant return not filed within ten (10) days.

**Supporting Facts**: On page 29 of transcript Officer Drulis admits that the search warrant return was not made within the statutory ten (10) day time requirement.

**Ground Four**: Court lacked jurisdiction and violation of (Rule 5 discovery).

**Supporting Facts**: The law enforcement never made a drug purchase or any type under-cover surveillance was obtained to support constructive or actual possession of the drugs by petitioner or establish petitioner as resident of apartment.

**Ground Five**: Voluntary confession of ownership of drugs inadmissable.

**Supporting Facts**: Petitioner was suffering from p[n]eumonia and had an asthma attack. Based upon his medical complications associated with the need to be given medications. Petitioner[']s admission to ownership of the drugs, if in fact he did allege ownership, should not have been voluntary and should have been suppressed. See Jackson v. Denno, 84 SCT 1744 (1964). Petitioner is entitled to a state hearing on the question of voluntariness of the confession and is entitled to a new trial if confession is found to be involuntary.

**Ground Six**: Petitioner was not in residence when seized without arrest warrant and/or probable cause.

**Supporting Facts**: Petitioner was away from the apartment when he was seized, arrested and detained and transported in handcuffs to an apartment in which police during a search of same found drugs. This procedure was illegal under the 4th Amendment. See Michigan v. Summers, 101 SCT 2587. "Even

5

if warrant to search defendants residence implicitly granted authority to search persons on those premises, just as that authority included authorization to search furniture and containers in which particular things described might be con[c]ealed, that authority could not justify initial detention of defendant outside premises described in warrant." USCA Const. Amend. 4 (See transcript page 24 line 3-6 Officer Drulis Testimony in Support).

**Ground Seven**: Evidence confiscated i.,e [sic] 118 grams of cocaine belonged to a deceased person by the name of Cory Byrd.

**Supporting Facts**: The property report (SC 0110100) dated 4/2-2008 listed the property recovered as 118 grams of cocaine, 5 grams of marijuana, scales, blenders, radio speaker, sandwich bags, paperwork & envelope and inositol as property of Cory Byrd (See Florence County Police Department Evidence/Inventory Impound Form). The Petitioner's name in this matter is "Corey Londre Bryant" which exhonerates [sic] the Petitioner at bar due to lack of the evidence as cited in the warrant and indictment in order to support this conviction and sentence. (See Supplemental Appendix page 2 property report)(Also see Florence Police Departments Florensic [sic] Services laboratory report in Supplemental Appendix)(Page 1).

**Ground Eight**: Ineffective Assistance of guilty plea counsel, PCR counsel and certiorari counsel.

**Supporting Facts**: In the event this Honorable court concludes that grounds one through seven are  not exhausted for consideration by this Honorable court pursuant to the requirements of USCA 2254. Petitioner prays this Honorable court based on a failure to exhaust issue will deem the failure a subsequent ground and claim as ineffective assistance of plea counsel, PCR counsel and certiorari counsel, and furthermore grant a hearing on this ground. As my attorneys of record, the same had a duty to exhaust these meritorious issues for presentation and consideration by this court (See exhibit A B C D for exhausted grounds).

(Dkt. No. 1, pp. 6-11 and attachments).

## II. APPLICABLE LAW

6

**Summary Judgment Standard**

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. Id. at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. Id. at 324. Under this standard, the existence of a mere scintilla of evidence in support of the Petitioner's position

7

is insufficient to withstand the summary judgment motion. <u>Anderson</u>, 477 U.S. at 252.

**Habeas Standard of Review**

Since the Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. <u>Lindh v. Murphy</u>, 521 U.S. 320, 322 (1997). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)(2). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." <u>Williams v. Taylor</u>, 529 U.S. 362, 410 (2000).

**Exhaustion and Procedural Bar**

Exhaustion and procedural bypass are separate theories which operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. The two theories rely on the same rationale. The general rule is that a petitioner must present his claim to the highest state court with authority to decide the issue before the federal court will consider the claim.

*A. Exhaustion*

8

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions. Applications for writs of habeas corpus are governed by 28 U.S.C. § 2254 , which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States." The statute states in part:

> (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that —
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B) (i) there is either an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. Subsections (b) and (c), when read in conjunction, require that a petitioner present any claim he has to the state courts before he can proceed on the claim in this court. The United States Supreme Court has consistently enforced the exhaustion requirement.

9

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal. SCACR 207; <u>Blakeley v. Rabon</u>, 221 S.E.2d 767, 770 (S.C. 1976)("[w]here exception was not set forth as one of the questions involved and was not argued in appellant's brief, it was deemed abandoned). The second avenue of relief is by filing an application for PCR. S.C. Code Ann. § 17-27-10 et seq.. A PCR applicant is also required to state all of his grounds for relief in his application. S.C. Code Ann. § 17-27-90. If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. <u>Marlar v. State</u>, 653 S.E.2d 266, 266 (S.C. 2007), citing <u>Pruitt v. State</u>, 423 S.E.2d 127, 127 (1992). Furthermore, strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year after the sending of the remittitur to the lower court, or the filing of the final decision, whichever is later. S.C. Code Ann. § 17-27-45.

When the petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. <u>Patterson v. Leeke</u>, 556 F.2d 1168, 1171 (4th Cir. 1977)("petitioners still have available to them a means under state law

of raising the question they sought to present in the district court"); Richardson v. Turner, 716 F.2d 1059, 1060 (4th Cir. 1983)("district court should not have adjudicated [petitioner's] claims, but rather should have dismissed his petition for failure to exhaust his state remedies).

### B. Procedural bypass

Procedural bypass is the doctrine applied when the person seeking relief failed to raise the claim at the appropriate time in state court and has no further means of bringing that issue before the state courts. If this occurs, the person is procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, Smith v. Murray, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote "not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his

case." Reed v. Ross, 468 U.S. 1, 10-11 (1984).

Stated simply, if a federal habeas petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. Murray v. Carrier, 477 U.S. 478, 485 (1986).

### C. Inter-relation of Exhaustion and Procedural Bypass

As a practical matter, if a petitioner before this court has failed to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply.  Coleman v. Thompson, 501 U.S. 722, 735 n. 1 (1991); Teague v. Lane, 489 U.S. 288, 297-98 (1989)("default prevents petitioner from raising ... claim in collateral proceedings ... unless fundamental fairness requires the default be overlooked").

### D. Cause and Actual Prejudice

The requirement of exhaustion is not jurisdictional and this court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances. Granberry v. Greer, 481 U.S. 129, 131 (1987)("[w]e have already decided that the failure to exhaust state remedies does not deprive an appellate court of jurisdiction to consider the merits of a habeas corpus application."). In order to have such claims

considered, a petitioner must show sufficient cause for failure to raise the claim and actual prejudice resulting from the alleged violation of federal law, or show that failure to consider the claim will result in a "fundamental miscarriage of justice." Coleman, 501 U.S. at 750. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an objective external factor which hindered compliance with the state procedural rule, or can demonstrate actual innocence. Murray, 477 U.S. at 497. Absent a showing of "cause," the court is not required to consider "actual prejudice." Turner v. Jabe, 58 F.3d 924, 931 (4th Cir. 1995).

## III. DISCUSSION

### Ground One

In Ground One, the Petitioner contends that he was not advised of his Miranda rights prior to his alleged illegal detention and search. Specifically, Petitioner argues he was stopped and detained away from the apartment which was the subject of a search warrant, and was not read his Miranda rights until he was taken to the apartment and questioned. (Dkt. No. 1, p. 6).

The Respondent contends that Petitioner failed to raise this issue on direct appeal. Respondent also claims that, to the extent Petitioner maintains his trial counsel was ineffective for failing to raise the issue on direct appeal, Petitioner failed to raise the ineffective assistance of counsel claim in his application for post-conviction relief ("PCR"), or on appeal from the denial of his PCR application. Respondent further argues that the allegation is without merit. (Dkt. No. 17, p. 15). Respondent maintains that Miranda warnings are applicable only to custodial interrogations - not searches - citing Duckworth

13

v. Eagan, 492 U.S. 195, 201-202 (1989).

As set forth above, a prisoner in state custody "generally must exhaust state court remedies, and a federal habeas court may not review unexhausted claims that would be treated as procedurally barred by state courts—absent cause and prejudice or a fundamental miscarriage of justice." Longworth v. Ozmint, 377 F.3d 437, 447–48 (4th Cir.2004) (internal citation omitted); 28 U.S.C. § 2254(b)(1)(A)("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that ... the applicant has exhausted the remedies available in the courts of the State; ..."). "The exhaustion doctrine bars a claim if it is raised for the first time in a federal habeas petition." Mickens v. Taylor, 240 F.3d 348, 356 (4th Cir.2001)(citing references omitted).

To exhaust his available state court remedies, a petitioner must "fairly present[ ] to the state court 'both the operative facts and the controlling legal principles' associated with each claim." Longworth, 377 F.3d at 448. "'The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick.'" Mallory v. Smith, 27 F.3d 991, 995 (4th Cir.1994) (quoting Martens v. Shannon, 836 F.2d 715, 717 (1st Cir.1988)).

Petitioner failed to preserve any issues, including the Miranda issue, for review on direct appeal. Consequently, this ground is procedurally barred from federal habeas review unless Petitioner can show cause for the default and prejudice if the ground is not addressed. Petitioner, however, does not assert any cause, or prejudice to him, in order to overcome the default of Ground One.

14

Instead, Petitioner alleges that "the stop detention and seizure of items in the apartment [which were used as evidence against him] should have been suppressed." (Dkt. No. 1, p. 6). Thus, Ground One could be construed as an ineffective assistance of trial counsel claim. Claims of ineffective assistance of counsel are governed by the two-part test established in Strickland v. Washington, 466 U.S. 668 (1984).

First, the petitioner "must show that counsel's performance was deficient." Id. at 687. To prove deficiency, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness." Id. at 688. Second, the petitioner must show that the deficient performance actually prejudiced him, i.e. "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Finally, the Court in Strickland held that "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies," and "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." Id. at 697. Review of counsel's performance is "highly deferential." Id. at 689. Further, there is a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance. Strickland, 466 U.S. at 689-90.

A review of the pre-trial proceedings in this matter reveal that Petitioner's trial counsel attempted to suppress the evidence. (Dkt. No. 17-7, p. 4). The motion was denied. The undersigned has reviewed the PCR court's Order of Dismissal, and finds that the PCR Court's decision regarding counsel's performance was not contrary to, nor an unreasonable application of, clearly established federal law. Further, it was not based upon an unreasonable determination of facts in light of the state court record. (Dkt. No. 17-7, p. 3-5).

15

Petitioner failed to show that counsel's performance was deficient, fell below an objective standard of reasonableness, or actually prejudiced him. Accordingly, this issue is without merit and should be dismissed.

To the extent Petitioner is alleging his trial counsel was ineffective for failing to raise the Miranda issue on direct appeal, a claim of ineffective assistance of counsel generally must "be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." Murray v. Carrier, 477 U.S. 478, 489 (1986). After a review of the PCR court's Order of Dismissal and Petitioner's claim - construed as one alleging counsel's failure to raise the Miranda issue on direct appeal - it is clear that this issue was not raised before and/or ruled on by the PCR court and is procedurally barred from federal habeas review. See Plyer v. State, 309 S.C. 408, 424 S.E.2d 477, 478 (S.C. 1992)(holding that an issue that was neither raised at the PCR hearing nor ruled upon by the PCR court is procedurally barred)(citation omitted).

Accordingly, Petitioner has bypassed his state remedies to the extent Ground One raises a Miranda challenge. The Fourth Circuit has stated that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits. Kornahrens v. Evatt, 66 F.3d 1350, 1357 (4th Cir. 1995). Consequently, the undersigned will not discuss the merits of Petitioner's Ground One habeas claim for relief, as it pertains to Miranda.

**Ground Two**

Petitioner alleges his trial counsel was ineffective for failing to investigate and present evidence to support Petitioner's allegation that he did not reside at the apartment where the cocaine and marijuana were found. (Dkt. No. 1, pp. 7-8). Petitioner argues this type of evidence would have established that he had neither actual or constructive

possession of the drugs obtained during the search. Respondent argues both the trial and PCR judges applied the correct legal principle to the facts of Petitioner's case, and further, that Petitioner has failed to establish deficient legal performance of trial counsel.

Applying the two-part test established in Strickland v. Washington, 466 U.S. 668 (1984), and after a review of the record, there is no indication that trial counsel was deficient. As noted above, trial counsel moved to suppress the results of the search warrant. Counsel also moved to suppress Petitioner's statements, and requested a hearing concerning whether or not those statements were made voluntarily. (Dkt. No. 17, p. 1).

Petitioner raised this issue in his application for PCR. At the PCR hearing, Petitioner testified that he did not live at the apartment that was searched, and was not at, or near, the apartment at the time the warrant was executed. Petitioner testified at the PCR hearing that he pleaded guilty on the advice of counsel. Id. at 17.

Counsel for the defense testified at the PCR hearing that he filed a motion to suppress, in limine, far in advance of trial, based on the fact that Petitioner was not physically present in the apartment at the time he was stopped, in an attempt to suppress the drugs that were found at the apartment. Counsel testified that, although he believed the denial of the motion by the trial judge was error, based on the ruling, Petitioner was facing a mandatory minimum of twenty-five (25) years. Additionally, Petitioner had a key to the residence, and admitted during the search that the drugs belonged to him. Furthermore, the female present in the house had been charged. Counsel believed she would likely provide testimony of the identity of the person who owned or possessed the drugs, which might have been Petitioner. Counsel indicated that he felt an eight (8) year sentence under the known plea agreement was superior to the possibility of a twenty-five (25) year

sentence if Petitioner was found guilty after a trial. Finally, Counsel testified at the PCR hearing that the stop was made very close to the apartment to be searched - essentially - across the street. Id. at 17-18.

The PCR judge found that counsel was not ineffective because counsel attempted to suppress the damaging evidence. Furthermore, the PCR judge found that counsel recognized the risk that  Petitioner could be convicted and lose an appeal. As a result, the PCR judge ruled that Petitioner was fully advised of his rights, and was apprised of the benefits and risks of going to trial. (Dkt. No. 17-7, p. 4).

The PCR judge also found that Petitioner had not met his burden of proving prejudice, citing to the case of Michigan v. Summers, 452 U.S. 692, 101 S.Ct. 2587 (1981). In that matter, Summers was detained as he was leaving his residence when law enforcement came to execute a search warrant on the residence. Summers was detained during the search. The United States Supreme Court held that Summer's detention did not violate the Fourth Amendment. Thus, based on Summers, the PCR judge ruled that the challenged search was valid. (Dkt. No. 17-7, p. 5).

Although Petitioner contends in his reply to Respondent's Motion for Summary Judgment that the warrant did not contain his name or an apartment number, (Dkt. No. 20, p. 4), Officer Drulis testified at the suppression hearing that the Petitioner was identified, by an informant ("CI"), as a person selling a large quantity of cocaine. (Dkt. No. 17-3, p. 7). He also testified that the CI provided the address of the apartment building, and apartment letter to them, and described the color, make, and model of Petitioner's car. Id. at 7-8. The stop was made in the immediate vicinity of the apartment, Id. at 22, and Petitioner's apartment key was used to prevent damage to the apartment door. Id. at 8. Furthermore,

18

Officer Drulis testified that Petitioner told them there was cocaine in a kitchen cabinet and admitted the marijuana belonged to him. Petitioner admitted that he stayed between his mother's house and the apartment. Id. at 12.

Ultimately, the PCR court found the search warrant was valid, Id. at 36, and that Petitioner's statements were voluntary, Id. at 37, after Petitioner was advised of his Miranda rights, Id. at 37-38, in accordance with federal and state law (citations omitted).

Petitioner raised this issue on appeal after the denial of his PCR application, however, the ruling of the PCR judge was affirmed on May 14, 2012. The Supreme Court of South Carolina denied the Petition, after careful consideration of the entire record, and granted counsel's request to withdraw.

A review of the rulings made in the collateral proceedings, outlined above, reveal that the PCR Court's decision was not contrary to, nor an unreasonable application of, clearly established federal law. Further, it was not based upon an unreasonable determination of facts in light of the state court record. Accordingly, this issue is without merit and should be dismissed.

**Ground Three**

In Ground Three, the Petitioner contends that the search warrant return was not filed within the time limit set by state statute. (Dkt. No. 1, p. 9). Plaintiff argues that Officer Drulis admitted the search warrant return was not made within the statutory ten (10) day time requirement. (Dkt. No. 17-3, p. 29).

Respondent argues that only an allegation of noncompliance with a federal law may be properly addressed in a federal habeas corpus proceeding, citing Wilson v. Corcoran, 131 S.Ct. 13, 16 (2010)("it is only noncompliance with *federal* law that renders a State's

criminal judgment susceptible to collateral attack in the federal courts."); 28 U.S.C. § 2254(a)(writ may issue "only on the ground that [a state prisoner] is in custody in violation of the Constitution or laws or treaties of the United States."). Respondent also argues that, even if the claim were cognizable, the failure to comply with the State statutory requirement does not necessarily void the warrant, citing, *inter alia*, State v. Wise, 272 S.C. 384, 386, 252 S.E.2d 294, 295 (1979)(State's failure to fulfill a ministerial requirement does not void the warrant.")(citations omitted). Finally, Respondent argues that the Plaintiff has failed to show any prejudice from the late filing.

Turning to Respondent's last argument first, Petitioner did not raise this ground in his PCR proceeding, or any appeal therefrom. As such, Petitioner must show sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, Coleman, 501 U.S. at 749-750, or that a "fundamental miscarriage of justice" has occurred. Id. at 750. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or establish actual innocence. Murray, 477 U.S. at 497. Petitioner, however, does not assert any cause to overcome the default. Absent a showing of "cause," the court is not required to consider "actual prejudice." Turner v. Jabe, 58 F.3d 924, 931 (4th Cir. 1995). Furthermore, the undersigned agrees with the Respondent insofar as Petitioner's third ground for relief is a state law claim. It is therefore without merit and should be dismissed.

## Ground Four

In Ground Four, Petitioner alleges the state court lacked jurisdiction over the charge against him because there was not an undercover purchase of drugs from Petitioner.

20

Petitioner maintains that without evidence of an undercover purchase there was insufficient evidence to support constructive or actual possession of the drugs by Petitioner or to establish Petitioner as a resident of the apartment. (Dkt. No. 1, p. 11).

Respondent argues that this issue has been procedurally defaulted, whether it is viewed as an attack on Petitioner's guilty plea, or as an ineffective assistance of counsel claim. Respondent notes that Petitioner agreed with the facts as stated by the Solicitor at Petitioner's sentencing hearing, including an admission that the drugs belonged to him. Furthermore, Respondent argues that there is no statutory requirement for an undercover purchase in order to establish a trafficking charge, citing S.C. Code § 44-53-370(e)(2). Trafficking may be proven in a variety of ways, including possession of a sufficient amount of drugs. Id. The cocaine found in the apartment was tested, and it weighed over one-hundred nineteen (119) grams. The drugs were found with scales, blenders, baggies, and inositol, a commonly used agent for "cutting" cocaine. (Dkt. No. 17, pp. 25-27).

Respondent correctly argues that this issue was not raised in Petitioner's application for post-conviction relief ("PCR"). The undersigned has reviewed the PCR court's Order of Dismissal and Petitioner's claims concerning Ground Four, and finds that this claim was not raised before and/or ruled on by the PCR court .Therefore, this issue is procedurally barred from federal habeas review. See Plyer, 424 S.E.2d at 478.

**Ground Five**

Petitioner argues in his fifth ground for habeas relief that his voluntary confession, as it concerns ownership of the confiscated drugs, is inadmissible. In support of this argument, Petitioner claims he was suffering from pneumonia, and had an asthma attack

requiring him to take medication, prior and/or during his custodial interrogation. Petitioner

claims he is entitled to a state hearing on the question of voluntariness of the confession

and is entitled to a new trial if the confession is found to be involuntary. (Dkt. No. 1, p. 17).

Respondent counters that Petitioner's medical condition was not raised at the pre-

trial suppression hearing, or at the time Petitioner pleaded guilty, and was not presented

for review on direct appeal. Respondent further argues that Petitioner could have raised

the argument pertaining to his medical condition when he pleaded guilty, because it was

known that Petitioner informed the police officers that he had pneumonia and asthma. The

issue of whether or not Petitioner's confession was voluntary was raised at the suppression

hearing, and could have been raised on appeal, if Petitioner had not accepted the plea

offer. Additionally, Respondent's argue that, to the extent this ground is construed as an

ineffective assistance of counsel claim for failing to seek suppression of the confession

based on Petitioner's medical condition at the time, it was not raised on initial collateral

review at the PCR hearing, and was not available for review on appeal. Based on the

foregoing, Respondent maintains that this issue is procedurally barred from habeas review.

(Dkt. No. 17, pp. 27-28).

The undersigned has reviewed the PCR court's Order of Dismissal and finds that

this claim was not raised before and/or ruled on by the PCR court. Consequently, it is

unnecessary to reach the merits of this claim. Kornahrens v. Evatt, 66 F.3d 1350, 1357 (4th

Cir. 1995)(court should not consider an issue on the merits once it is determined to be

procedurally barred).

**Ground Six**

Petitioner next alleges that he was not at the targeted residence when he was seized

and detained without an arrest warrant and without probable cause. Petitioner maintains this was a violation of his Fourth Amendment rights, citing <u>Michigan v. Summers</u>, 452 U.S. 692, 101 S.Ct. 2587 (1981), and arguing that the search warrant did not extend to, and could not justify the initial detention of, the Petitioner outside the premises described in the warrant. (Dkt. No. 1, p. 18).

Respondent's counter that this issue is a duplication of the issue raised in Ground Two, above. Respondent also argues that the holding in <u>Stone v. Powell</u>, 428 U.S. 465, 494-95 (1976) precludes Petitioner from raising this issue in this habeas matter because he was provided a full and fair opportunity to litigate the Fourth Amendment claim in State court. In <u>Stone</u>, the United States Supreme Court found that if a State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at trial. (Dkt. No. 17, pp. 29-30).

A review of the Order of Dismissal filed in Petitioner's PCR proceeding reveals that the PCR Judge thoroughly addressed the Fourth Amendment challenge. (Dkt. No. 17-7, pp. 3-5). Based on the holding in <u>Summers</u>, *supra*, the PCR Judge found that Petitioner's detention did not violate the Fourth Amendment.

Respondent filed a Supplement to his Return and Memorandum of Law in Support of Motion for Summary Judgment. (Dkt. No. 22). In the Supplement, Respondent notes that, subsequent to the filing of their Memorandum of Law in Support of Motion for Summary Judgment on October 23, 2012, the United States Supreme Court issued its opinion in <u>Bailey v. United States</u>, 133 S.Ct. 1031 (U.S. 2013), which addressed the scope of a proper detention pursuant to <u>Summers</u>, *supra*. <u>Id</u>. at 1. Respondent argues that

23

Petitioner may not rely on a new decision to show clearly established law since a new decision would not have been available at the time of the state court review. Id. at 2. A review of the Bailey decision reveals that it was not made retroactive to cases on collateral review making it inapplicable to the above-captioned matter.

Although the Fourth Amendment claim is distinct from the ineffective assistance of counsel claim raised in Ground Two, the undersigned concurs with the Respondent. The PCR Court's ruling - pertaining to the detention of the Petitioner pursuant to the search warrant as analyzed under Summers - was not contrary to, nor an unreasonable application of, clearly established federal law. Further, it was not based upon an unreasonable determination of facts in light of the state court record. Accordingly, this issue is without merit and should be dismissed.

**Ground Seven**

Petitioner alleges that the evidence found during the search of the apartment belonged to a deceased person by the name of Cory Byrd. In support of this argument, Petitioner argues that the Inventory Impound Form from the Florence County Police Department listed the property recovered as one-hundred eighteen (118) grams of cocaine, five (5) grams of marijuana, scales, blenders, radio speaker, sandwich bags, paperwork & envelope, and inositol as property of Cory Byrd. Thus, Petitioner maintains there is a lack of evidence to support this conviction and sentence. (Dkt. No. 1, p. 19).

Respondent argues that this ground, as presented, is procedurally barred; however, to the extent Petitioner is attempting to raise an ineffective of counsel claim, Respondent argues the ineffective claim - as to whether counsel should have moved to challenge the search based on the drugs belonging to another - was raised and ruled upon by the PCR

24

Judge. (Dkt. No. 17-7, p. 6). If viewed as an ineffective assistance of counsel claim, Respondent maintains the issue is without merit. Defense counsel testified at the PCR hearing that there was a clerical error showing the name of another on some documents, but there was no question that Petitioner was the focus of the search, that he was detained and taken to the apartment for the search, and that he confessed the drugs found during the search belonged to him. (Dkt. No. 17, pp. 30-32).

The PCR judge considered the testimony of defense counsel, and the documents produced by the Petitioner at the hearing. The PCR Judge determined that defense counsel was not deficient when, in his professional judgment, he determined that any motion to suppress based on scrivener's errors would be futile. The PCR Judge also found that such a motion, if made, would not have been successful. (Dkt. No. 17-7, p. 6).

The undersigned has reviewed the PCR court's Order of Dismissal, and finds that the PCR Court's decision was not contrary to, nor an unreasonable application of, clearly established federal law. Further, it was not based upon an unreasonable determination of facts in light of the state court record. Petitioner failed to show that counsel's performance was deficient, fell below an objective standard of reasonableness, or actually prejudiced him. Accordingly, this issue is without merit and should be dismissed.

**<u>Ground Eight</u>**

In Petitioner's final ground, he alleges ineffective Assistance of "guilty plea counsel, PCR counsel, and certiorari counsel." Petitioner argues that, if any of his grounds are found to be unexhausted, it is the fault of counsel, who "had a duty to exhaust these meritorious issues for presentation and consideration by this court." (Dkt. No. 1, p. 20).

Taking each in turn, Respondent first argues that any issues pertaining to the

ineffectiveness of trial counsel ("plea counsel") have already been addressed above, in Ground Two. The undersigned agrees. Additionally, issues raised by Petitioner against his trial counsel were also addressed in Grounds One and Six.

As for the claim that Petitioner's PCR counsel was ineffective, pursuant to Martinez v. Ryan, 132 S. Ct. 1309, 1315 (2012), "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." However, "[t]o overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." Martinez, 132 S. Ct. at 1318 (citing Miller-El v. Cockrell, 537 U.S. 322 (2003)). If the ineffective assistance of trial counsel claim "does not have any merit or . . . is wholly without factual support," the procedural default precludes federal habeas review. Martinez, 132 S. Ct. at 1319. Thus, in order to succeed on the merits of such a claim, Petitioner must establish that "(1) the ineffective-assistance- of-trial-counsel claim was a 'substantial' claim; (2) the 'cause' consisted of there being 'no counsel' or only 'ineffective' counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the 'initial' review proceeding in respect to the 'ineffective-assistance-of-trial-counsel claim'; and (4) state law requires that the claim 'be raised in an initial-review collateral proceeding.'" Trevino v. Thaler, 133 S.Ct. 1911, 1913 (U.S. 2013) (quoting Martinez, 132 S. Ct. at 1320).

In South Carolina, the Martinez exception can be considered because South Carolina state law does not allow ineffective assistance claims to be presented on direct appeal. State v. Felder, 290 S.C. 521, 522, 351 S.E.2d 852, 852 (1986)("Appellant claims that he was denied effective assistance of counsel due to the court's failure to inquire

whether a conflict of interest existed. ... Without addressing the merits of appellant's claim, we hold that post-conviction relief rather than a direct appeal is the proper avenue of relief in this case.").

Petitioner, however, has made no showing that he meets the first factor set forth in Martinez, *supra*. Petitioner has failed to show that his ineffective assistance of trial counsel claims have merit. Indeed, the PCR Court found that trial counsel was not deficient because he challenged the warrant and Petitioner's detention, and also moved to have the drugs and Petitioner's statements suppressed. Thus, the Petitioner's final ground for relief is without merit and should be dismissed.

Applying the factors set out above, Grounds One and Seven, except to the extent they raise ineffective assistance of counsel claims, are procedurally barred from review. Likewise, Petitioner has failed to exhaust Grounds Four and Five. Consequently, it is not necessary for this Court to review these Grounds on the merits.

Grounds Two and Six - and Grounds One and Seven insofar as the raise ineffective assistance of counsel claims - were addressed by the PCR Court. A review of the Order of the PCR Court shows there has been no unreasonable application of clearly established federal law, or an unreasonable determination of facts in light of the state court record, pertaining to these exhausted grounds. They are therefore without merit and should be dismissed.

Ground Eight is also without merit. Petitioner has no right to effective assistance of post-conviction relief counsel, except in the limited circumstances set out in Martinez, *supra*. Petitioner  has failed to meet the Martinez factors. All allegations raised in Ground Eight concerning Petitioner's trial counsel have been previously addressed in other

27

Grounds.

Finally, Ground Three is a state law claim, and is not subject to habeas corpus

review.

# IV. **CONCLUSION**

Wherefore, it is RECOMMENDED that the Respondent's Motion for Summary

Judgment (# 16) be GRANTED and the Petition be DISMISSED WITH PREJUDICE. The

undersigned further RECOMMENDS that a certificate of appealability be DENIED.[4]

**IT IS SO RECOMMENDED**.

s/Bruce Howe Hendricks
United States Magistrate Judge

July 9, 2013
Charleston, South Carolina

**The Petitioner's attention is directed to the important NOTICE on the next page**.

---

[4]     Title 28, Section 2253 provides in relevant part,
(c)(1) Unless a circuit justice or judge issues a certificate of appealability,
an appeal may not be taken to the court of appeals from–
(A) the final order in a habeas corpus proceeding in which the detention
complained of arises out of process issued by a State court; or
(B) the final order in a proceeding under section 2255.
28 U.S.C. § 2253. A prisoner satisfies this standard by demonstrating that reasonable
jurists would find this court's assessment of his constitutional claims debatable or wrong
and that any dispositive procedural ruling by the district court is likewise debatable. See
Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484
(2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). In the case *sub judice*, the legal
standard for a certificate of appealability has not been met. The undersigned therefore
recommends that a certificate of appealability be denied.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).