UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Corey Londre Bryant, #334193, | ) | C/A No.: 2:12-cv-01731-GRA |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| Cecilia R. Reynolds, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the court for a review of United States Magistrate Judge Bruce H. Hendricks' Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC, and filed on July 9, 2013. Petitioner Corey Londre Bryant ("Petitioner"), an inmate currently in state custody at Kershaw Correctional Institution and proceeding *pro se*, brought this action pursuant to 28 U.S.C. § 2254 on June 20, 2012.[1] ECF No. 1. Respondent filed a Return and Memorandum, ECF No. 17, and moved for summary judgment on October 23, 2012, ECF No. 16, and the Court sent Petitioner an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), explaining the summary judgment process and instructing Petitioner that he had thirty-four days to respond to the motion. ECF No. 18. Petitioner filed a response in opposition on November 27, 2012. ECF No. 20.

---

[1] Prisoner petitions are deemed filed at the time that they are delivered to prison authorities for mailing to the court clerk. *Houston v. Lack*, 487 U.S. 266, 276 (1988). The envelope Petitioner used to file his § 2254 Petition is stamped "received" by Kershaw Correctional Institution Mail Room on June 20, 2012, therefore the Court will treat his petition as filed on June 20, 2012.

Respondent filed a Supplement to Respondent's Return and Memorandum on February 25, 2013. ECF No. 22. In a text order entered the same day, Petitioner was informed that any response to the Supplement would be due on March 18, 2013. ECF No. 23. No response was received from the Petitioner. Magistrate Judge Hendricks now recommends that this Court grant Respondent's motion for summary judgment and that Petitioner's § 2254 Petition be dismissed with prejudice. Report & Recommendation, ECF No. 26. For the reasons discussed herein, the Court adopts the Magistrate Judge's Report and Recommendation in its entirety.

## Standard of Review

### A. *Pro Se* Petitions

Petitioner brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). A court may not construct the petitioner's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them," *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985).

### B. Legal Standard for Summary Judgment

The issue in determining a motion for summary judgment is whether there exists a genuine dispute of material fact. Fed. R. Civ. P. 56(a). Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Though this initial responsibility rests with the moving party, when a motion for summary judgment is made and supported as provided in Rule 56, the non-moving party must produce specific facts showing there is a genuine dispute for trial, rather than resting upon bald assertions contained in the pleadings. Fed. R. Civ. P. 56(e); *see Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### C. Section 2254 Petitions

Petitioner's Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The AEDPA provides that a federal court cannot grant habeas relief to a person in state custody, unless the petitioner "has exhausted the remedies available in the courts of the State"; or "there is an absence of available State corrective process"; or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

Under the AEDPA, a state court's decision must be sustained unless it was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Furthermore, "a determination of a factual issue made by a State Court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

The Supreme Court has held that the "contrary to" and "unreasonable application" clauses contained in 28 U.S.C. § 2254(d) have independent meaning. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). Moreover, a state court's decision may be "contrary to" Supreme Court precedent in two ways: (1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law"; or (2) "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [the Supreme Court's]." *Id.* at 405.

The "unreasonable application" clause is implicated when a "state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. "The federal habeas scheme leaves primary responsibility with the state courts for these judgments, and authorizes federal-court intervention only when a state-court decision is objectively unreasonable." *Woodford v.*

*Visciotti*, 537 U.S. 19, 27 (2002) (per curiam). The federal habeas court should not grant relief to a petitioner "so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. ___, ___, 131 S. Ct. 770, 786 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Relief cannot be granted if the state court's decision is only incorrect or erroneous; rather, the state court's application of Supreme Court precedent must be "objectively unreasonable." *Wiggins v. Smith*, 539 U.S. 510, 520–21 (2003) (internal quotation marks omitted).

### D. The Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

## Discussion

Petitioner filed the instant Petition for Writ of Habeas Corpus ("Petition")

pursuant to 28 U.S.C § 2254 on June 20, 2012. ECF No. 1. In the Petition, Petitioner asserted eight grounds for relief.  The Magistrate Judge recommends that the Court deny Petitioner's claims for relief. ECF No. 26.  Petitioner timely filed an objection to the Report and Recommendation on August 5, 2013.[2] ECF No. 35. In his objection, Petitioner states "that he would like to waive[ ] Ground[s] one, two, three, four, five, seven, and eight from his petition." *Id.* Thus, the Court will only address Petitioner's objection to the Magistrate Judge's conclusion concerning Ground Six of the Petition, listed verbatim as follows:

> **Ground Six**:  Petitioner was not in residence when seized without arrest warrant and/or probable cause.
>
> **Supporting Facts**: Petitioner was away from the apartment when he was seized, arrested and detained and transported in handcuffs to an apartment in which police during a search of same found drugs. This procedure was illegal under the 4th Amendment. Even if warrant to search defendants residence implicitly granted authority to search persons on those premises, just as that authority included authorization to search furniture and containers in which particular things described might be con[c]ealed, that authority could not justify initial detention of defendant outside premises described in warrant.

Pet. for Writ of Habeas Corpus, ECF No. 1 (internal citations omitted). In his reply to the Report and Recommendation, Petitioner specifically objects to the Magistrate Judge's finding that Petitioner is precluded from receiving federal habeas relief on his Fourth Amendment claim because he received a full and fair opportunity to litigate this claim in state court. ECF No. 35. However, this Court finds that his objection is without merit.

---

[2] The Court granted Petitioner's Motion for Extension of Time on July 30, 2013, giving Petitioner until August 13, 2013 to respond to the Report and Recommendation. ECF No. 33.

Petitioner's claim under the Fourth Amendment is not cognizable on federal habeas review. *Stone v. Powell*, 428 U.S. 465 (1976). In *Stone*, the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone*, 428 U.S. at 482. The record reflects and Petitioner does not dispute that he had a full and fair opportunity to litigate his Fourth Amendment claim in state court. Pursuant to the Supreme Court's decision in *Michigan v. Summers*, 452 U.S. 692 (1981), the post-conviction relief ("PCR") Court found that Petitioner's detention did not violate the Fourth Amendment. ECF No. 17-7. In *Summers*, the Supreme Court held that "a warrant to search for contraband founded on probable cause implicitly carries with it the limited authority to detain the occupants of the premises while a proper search is conducted." *Summers*, 452 U.S. at 705. "The reasonableness of the seizure in *Summers* was justified by three law enforcement objectives: (1) 'preventing flight in the event that incriminating evidence is found'; (2) 'minimizing the risk of harm to the officers'; and (3) facilitating 'the orderly completion of the search' with the assistance of the detained occupants." *U.S. v. Montieth*, 662 F.3d 660, 666 (4th Cir. 2011) (citing *Summers*, 452 U.S. at 702-03) (holding defendant's detention away from the residence to seek consensual entry was a reasonable alternative to a more dangerous method of executing a search warrant). In its ruling, the PCR Court

considered testimony from a law enforcement officer that a confidential informant provided the address of the apartment building and described the color, make, and model of Petitioner's car; that the stop was made in the immediate vicinity of the apartment; and that Petitioner's apartment key was used to prevent damage to the apartment door. ECF No. 26 at 18–19. Based on these facts, the PCR Court concluded that the detention was unconstitutional in light of *Summers*. The Court agrees with the Magistrate Judge that the PCR Court thoroughly addressed the Fourth Amendment challenge.

In addition, the Court agrees with the Magistrate Judge that the PCR Court's adjudication of this issue did not result in a decision contrary to, or involving an unreasonable application of, clearly established federal law. *See* 28 U.S.C. § 2254(d). The Court further agrees that the PCR Court's ruling on Petitioner's unlawful detention claim was not based upon an unreasonable determination of facts in light of the state court record. *See* ECF No. 17–1 at 6–32, 82–110.

Moreover, the Court notes that the Supreme Court issued its opinion in *Bailey v. United States*, 133 S.Ct. 1031 (2013), which addressed the scope of a proper detention pursuant to *Michigan v. Summers*, 452 U.S. 692 (1981), while this case was pending. Subsequently, Respondent filed a Supplement to his Return and Memorandum of Law in Support of Motion for Summary Judgment arguing that Petitioner cannot rely on a new decision to show clearly established law because a new decision would not have been available at the time of the

state court review. ECF No. 22. After review of the *Bailey* decision, the Magistrate Judge concluded that it was not made retroactive to cases on collateral review, thus making it inapplicable to this case. ECF No. 26 at 24. The Court has independently reviewed *Bailey* and agrees with the Magistrate Judge's conclusion on this issue. *See U.S. v. Mathur*, 685 F.3d 396, 399 (4th Cir. 2012) (stating "new rules of constitutional law are generally 'not…applicable to those cases which have become final before the new rules are announced' and finding that there is a "strong presumption against retroactive application of new rules of constitutional law.") (quoting *Teague v. Lane*, 489 U.S. 288, 309–10 (1989)).

## Conclusion

The Court has reviewed the Magistrate Judge's Report and Recommendation, Petitioner's objections, and the record, and has conducted a *de novo* review of the issues raised in this case. The Court concludes that the Magistrate Judge correctly determined that Petitioner has no claim for relief under 28 U.S.C. §2254. Based on the foregoing, the Court adopts the Report and Recommendation in its entirety.

**IT IS THEREFORE ORDERED** that Petitioner's Petition is DISMISSED with prejudice, and Respondent's Motion for Summary Judgment is GRANTED. The Court declines to issue a certificate of appealability in this matter.[3]

---

[3] When a district court issues a final ruling on a habeas petition, the court must issue or deny a certificate of appealability. *See* Rule 11(a) of the Rules governing 28 U.S.C. § 2254 & 2255. The Court has reviewed its order and, pursuant to Rule 11(a), declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that, to

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

August 23, 2013
Anderson, South Carolina

---

satisfy § 2253(c), "a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.").